**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-23-0000727**
**20-JAN-2026**
**07:52 AM**
**Dkt. 37 SO**

NO. CAAP-23-0000727

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

LONNELL REGINALD **WIDEMAN**, Plaintiff-Appellant,
v.
HMS CONSTRUCTION COMPANY, Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CCV-22-0001659)

**SUMMARY DISPOSITION ORDER**
(By: Leonard, Presiding Judge, Hiraoka and Guidry, JJ.)

Lonnell Reginald **Wideman**, representing himself, appeals from the *Order Granting HMS's Motion to Compel Arbitration and Dismissing the Complaint* entered by the Circuit Court of the First Circuit.[1]  We affirm.

Wideman sued **HMS** Construction, Inc.  He alleged he belonged to the Laborers' International Union of North America, **Local 368**; Local 368 had a collective bargaining agreement (**CBA**) with HMS; Local 368 dispatched him to HMS to work on the West Oahu Solar Project for six months; two other dispatched laborers started to work, but HMS didn't allow him to work and didn't send him back to Local 368, in violation of the CBA.

---

[1]     The Honorable John M. Tonaki presided.

HMS moved to compel arbitration and dismiss Wideman's complaint.  The circuit court granted the motion and dismissed the complaint by order entered on December 1, 2023.  This appeal followed.

We review a ruling on a motion to compel arbitration de novo.  Douglass v. Pflueger Haw., Inc., 110 Hawaiʻi 520, 524, 135 P.3d 129, 133 (2006).  A court deciding a motion to compel arbitration must answer two questions: (1) does an arbitration agreement exist between the parties; and (2) if so, is the subject matter of the dispute arbitrable under the agreement.  Id. at 530, 135 P.3d at 139.

Wideman does not dispute he was a Local 368 member; he was referred to HMS by Local 368; Local 368 and HMS were parties to the CBA; and the CBA contained a grievance procedure that included an arbitration provision.  He argues he "never signed a contract or agreement that would encompass [him] as a union member to automatically arbitrate any issues that may arise out of employment with any said contractors who have a collective bargaining agreement with the labor union local 368."

As a union member covered by the CBA, Wideman is bound by the CBA, including its grievance procedure.  Poe v. Haw. Lab. Rels. Bd., 105 Hawaiʻi 97, 99, 94 P.3d 652, 654 (2004) ("As a member of Bargaining Unit 3 (BU 03) of HGEA, Poe was bound by the terms of the collective bargaining agreement between Employer and HGEA.").

Wideman argues "there is no enforceable agreement or conditions, between [him] and HMS Contractors to arbitrate this, or any particular dispute."  He cites Douglass; Brown v. KFC National Management Co., 82 Hawaiʻi 226, 921 P.2d 146 (1996); and Siopes v. Kaiser Foundation Health Plan, Inc., 130 Hawaiʻi 437, 312 P.3d 869 (2013).  None of those cases involved collective bargaining agreements.  This one does, and Poe is dispositive.

The December 1, 2023 *Order Granting HMS's Motion to Compel Arbitration and Dismissing the Complaint* is affirmed.

Dated: Honolulu, Hawaiʻi, January 20, 2026.

On the briefs:

Lonnell Reginald Wideman,
for Plaintiff-Appellant.

Chad T. Wishchuk
Finch, Thornton & Baird, LLP,
for Defendant-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge